UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONDA G. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>USAA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 1:24-cv-00301-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Defendant USAA Life Insurance Company's motions to dismiss plaintiff's amended complaint (Dkt. 8), and to dismiss plaintiff's second amended complaint (Dkt. 13). Having reviewed the record and the briefs, the Court finds that the decisional process would not be significantly aided by oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons explained below, the Court will grant the motion to dismiss the second amended complaint (Dkt. 13) and deny as moot the motion to dismiss the amended complaint (Dkt. 8).

## BACKGROUND

This matter involves a straightforward dispute over the payment of life insurance benefits. As alleged, Plaintiff Ronda Williams' husband, Burton

MEMORANDUM DECISION AND ORDER - 1

Williams, applied for a 20-year term life insurance policy for $750,000.00 from USAA on December 1, 2021. *See Sec. Amend. Compl.* ¶ 5, Dkt. 12. A life insurance policy was then issued with an effective date of February 15, 2022. *Id.*

On June 23, 2023, Mr. Williams passed away. *Id.* Following his death, Mrs. Williams notified USAA Life of Mr. Williams's passing and made a claim on his insurance policy. *Id.* ¶ 6. On December 26, 2023, USAA Life sent Mrs. Williams a letter informing her that it was rescinding the insurance policy from the date of its inception. *Id.* ¶ 7. From the allegations in the complaint, it appears that USAA Life did not make any insurance benefit payments to Mrs. Williams.

Not long after USAA Life rescinded Mr. Williams's insurance policy, Mrs. Williams instigated this lawsuit in the District Court of the Fourth Judicial District of Idaho. *See Compl.*, Dkt. 1-1. Mrs. Williams soon after filed an amended complaint. *See Amend. Compl.*, Dkt. 1-2. In lieu of answering either complaint, USAA Life removed this matter to federal court and filed its pending motion to dismiss the amended complaint. *See Notice of Removal*, Dkt. 1; *MTD Amend. Compl.*, Dkt. 8. USAA Life sought to dismiss Mrs. Williams's cause of action for failure to pay the amount justly due, arguing that it is not a cognizable claim under Idaho law. *See generally MTD Amend. Compl.*, Dkt. 8.

On July 3, 2024, just a day after USAA Life filed its motion, Mrs. Williams

**MEMORANDUM DECISION AND ORDER - 2**

filed a response claiming that her amended complaint was sufficient to withstand USAA's attack. *See Pl.'s Resp. to MTD Amend. Compl.*, Dkt. 10. Roughly two weeks later, and two days after USAA Life filed a reply, Mrs. Williams then filed a second amended complaint. *See Sec. Amend. Compl.*, Dkt. 12. The only difference between Mrs. Williams's complaints was the title of her singular claim. *See id.* Her latest complaint relabeled her claim from failure to pay the amount justly due to breach of contract and insurance bad faith. *Id.* It appears that no allegations were added or removed. *See id.*

On August 2, 2024, USAA Life filed a second motion to dismiss. *See MTD Sec. Amend. Compl.*, Dkt. 13. USAA Life again seeks to dismiss the entirety of Mrs. Williams's second amended complaint. *Id.* In its motion, USAA Life argues that the Court should dismiss Mrs. Williams's claims for breach of contract and insurance bad faith because she failed to meet the federal pleading standard. *Id.* Mrs. Williams unsurprisingly disagrees with USAA. *See Pl's Resp. to MTD Sec. Amend. Compl.*, Dkt. 15.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which

**MEMORANDUM DECISION AND ORDER - 3**

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

### A.     Motion to Dismiss the First Amended Complaint

As a threshold issue, the Court finds that the USAA's first motion to dismiss the amended complaint is moot. Although Mrs. Williams took a slightly unique procedural path, she was within her rights when she filed the second amended complaint 17 days after USAA Life's first motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(b) (a party may amend its pleading once as a matter of course "21 days after service of a motion under Rule 12(b), (e), or (f)"). Once filed, the second amended complaint became the operative pleading in this matter. *See Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[t]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect."); *Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) ("The amended complaint made the First Amended Complaint no longer operative."). Because Mrs. Williams's amended complaint—the original complaint operative complaint in front of this Court—is no longer legally relevant, the same can be said of USAA Life's first motion to dismiss. Accordingly, the Court finds that the motion is moot. *See Zimmerman v. PeaceHealth*, 701 F. Supp.

**MEMORANDUM DECISION AND ORDER - 5**

3d 1099, 1108 (W.D. Wash. 2023) ("The filing of an amended complaint generally moots a pending motion to dismiss unless the amended complaint is substantially identical to the original complaint.").

### B.  Motion to Dismiss the Second Amended Complaint

Turning to the operative complaint, the Court finds that Mrs. Williams has failed to meet the federal pleading standard necessary to survive USAA Life's second motion to dismiss. Although Mrs. Williams's complaint is styled as a single cause of action, it appears that it has included two separate causes of action under Idaho law: breach of contract and insurance bad faith. Thus, under a liberal—and generous—reading, the Court will address both claims in turn.

#### 1. Breach of Contract

"Insurance policies are contracts, and the parties' rights and remedies are primarily established within the four corners of the policy." *Lanningham v. Farm Bureau Mut. Ins. Co. of Idaho*, 551 P.3d 1251, 1254–55 (Idaho 2024) (internal quotations and citations omitted). To state a claim for a breach of contract, a plaintiff must show (1) the existence of the contract, (2) the breach of the contract, (3) the breach caused damages, and (4) the amount of those damages. *Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (Idaho 2013).

Mrs. Williams makes no attempt to justify the viability of her breach of

MEMORANDUM DECISION AND ORDER - 6

contract claim other than to point the Court to its response to USAA's original motion to dismiss and state that "the Second Amended Complaint state[s] a claim upon which relief can be granted, that claim is very clear, and one recognized by Courts of Idaho." *See Pl's Resp. to MTD Sec. Amend. Compl.* at 1, Dkt. 15. Mrs. Williams's response to the original motion to dismiss, however, does little more to support her breach of contract claim. In that response, Mrs. Williams relies on a single conclusory statement and recitation of the limited allegations in the complaint. *See Pl.'s Resp. to MTD Amend. Compl.* at 2, Dkt. 10 ("it is unclear how these allegations fail to state a claim for breach of contract."). Moreover, Mrs. Williams's argument appears to rely on a notice pleading standard. *See id.* ("Plaintiff submits to the Court that this statement put USAA [Life] on notice that the claim is one for breach of contract.").

    While Idaho may only require that a pleading provide notice to a defendant, that is not the case in federal court. As set forth above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain

**MEMORANDUM DECISION AND ORDER - 7**

"sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Even though the plausibility standard is not necessarily a heavy burden, Mrs. Williams has failed to meet it. As USAA Life correctly points out, in Idaho, an insurer is allowed to rescind coverage within the two-year contestability period based on material misrepresentations or omissions. *See* I.C. § 41-1905; I.C. § 41-1811; *see also Keiser v. Am. Nat'l Ins. Co.*, No. 216CV00239EJLCWD, 2017 WL 3000025, at *2 (D. Idaho Mar. 30, 2017) ("Defendant had the right to rescind the Policy within Idaho Code § 41-1905's two-year contestability period on the basis of material misrepresentations under Idaho Code § 41-1811 and § 41-1832."). In other words, rescinding a life insurance policy within two years of its issuance is not necessarily a breach of contract.

Mrs. Williams's complaint alleges that on December 26, 2023, USAA Life sent a letter stating that it was rescinding the life insurance policy at issue. *Sec. Amend. Compl.* ¶ 8, Dkt. 12. The complaint also clearly states that USAA Life issued the policy on February 15, 2023. *Id.* ¶ 5. Thus, USAA Life's rescission fell within the two-year contestability period as provided by Idaho law. *See* I.C. § 41-1905 (a policy becomes incontestable "after it has been in force during the lifetime

of the insured for a period of two (2) years from its date of issue."). The complaint, however, contains no allegations that USAA's rescission was improper.

Simply put, Mrs. Williams makes no allegations that USAA Life breached its contract by rescinding Mr. Williams's policy, one of the four elements of breach of contract. Therefore, Mrs. Williams has failed to plausibly state a claim for which relief can be granted, and her breach of contract claim will be dismissed without prejudice. *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

### 2. Insurance Bad Faith

To demonstrate bad faith under Idaho law, a plaintiff must show: "1) the insurer intentionally and unreasonably denied or withheld payment; 2) the claim was not fairly debatable; 3) the denial or failure to pay was not the result of a good faith mistake; and 4) the resulting harm is not fully compensable by contract damages." *Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 832 (Idaho 2002). An insurer does not act in bad faith by challenging the validity of a "fairly debatable" claim, or when delay results from honest mistakes. *White v. Unigard Mut. Ins. Co.*, 730 P.2d 1014, 1018 (Idaho 1986).

**MEMORANDUM DECISION AND ORDER - 9**

As previously discussed, the allegations in Mrs. Williams's complaint fail to even plausibly allege that the rescission of the policy was a breach of contract, let alone that USAA Life did so in "bad faith." The only allegation in the complaint that relates to Mrs. Williams's bad faith claim states that USAA Life breached its contract, "and that breach [was] made unreasonably and in bad faith." *Sec. Amend. Compl.* ¶ 11, Dkt 12. This conclusory statement is insufficient to meet the *Iqbal* standard. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, Mrs. Williams must have alleged "some facts to demonstrate that her claim was unreasonably denied." *Bauer v. Metro. Life Ins. Co.*, No. 2:08-CV-00284-LMB, 2010 WL 2595291, at *8 (D. Idaho June 23, 2010). Mrs. Williams has not done so.

Accordingly, the Court will also dismiss Mrs. Williams's bad faith claim without prejudice.

## ORDER

IT IS ORDERED that:

1.  Defendant's Motion to Dismiss the Amended Complaint (Dkt. 8) is **DENIED AS MOOT**.

2.  Defendant's Motion to Dismiss the Second Amended Complaint (Dkt. 13) is **GRANTED**. Plaintiff shall have thirty days to amend its second amended

complaint (Dkt. 12) to resolve the concerns identified in this decision.

3.     If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

DATED: October 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge