UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONDA G. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>USAA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:24-cv-00301-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are USAA Life Insurance Company's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 23) and Motion to Strike (Dkt. 27). Having reviewed the record and the briefs, the Court finds that the decisional process would not be significantly aided by oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons explained below, the Court will grant the motion to strike and grant in part and deny in part the motion to dismiss.

# BACKGROUND

Ronda Williams alleges her husband, Burton Williams, applied for a 20-year term life insurance policy for $750,000.00 from USAA on December 1, 2021. Dkt.

MEMORANDUM DECISION AND ORDER - 1

12 at ¶ 5. Shortly thereafter, USAA issued a life insurance policy with an effective date of February 15, 2022. *Id.* As a part of his application, Mr. Williams signed an agreement that he would "…notify USAA Life Insurance Company if, after signing the statement but before the delivery of the policy, I seek medical consultation for any reason..." Def. Ex. 1, Dkt. 23-1. Mrs. Williams alleges that Mr. Williams received a neurological exam in January 2022 after feeling lightheaded and dizzy at the gym. *Third Am. Compl.* at ¶ 10, Dkt. 22. The exam was benign, he was treated for dehydration, and sent home. *Id.* He then followed up with his primary care physician on February 2, 2022, who did not have any concerns about his medical condition but scheduled an MRI for February 17, 2022. *Id.* at ¶ 11. On February 18, 2022, Mr. Williams received the results of the MRI, which indicated he had a brain tumor. *Id.*

About a year later, in June 2023, Mr. Williams died. *Id.* Mrs. Williams, as the beneficiary, notified USAA of his death and made a claim on his insurance policy. *Id.* at ¶¶ 6–8. On December 26, 2023, USAA sent Mrs. Williams a letter stating that it was rescinding the insurance policy from the date of inception based upon material misrepresentations made in Mr. Williams' application. *Id.* at ¶ 7. USAA did not make any insurance benefit payments to Mrs. Williams. *Id*. Mrs. Williams filed this action alleging USAA failed to pay the amount due under the

MEMORANDUM DECISION AND ORDER - 2

life insurance policy. *Id.* at ¶ 14. Mrs. Williams later filed an amended complaint and USAA moved to dismiss it for failure to state a claim. Dkts. 8, 13. The Court granted that motion and dismissed the Complaint with leave to amend. Dkt. 21. Mrs. Williams filed her Third Amended Complaint alleging a single claim for breach of contract and insurance bad faith. *Third Am. Compl.*, Dkt. 22. USAA has again moved to dismiss the operative complaint for failure to state a claim. Dkt. 23. Mrs. Williams opposes the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While a complaint "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility

requirement is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

Mrs. Williams alleges a single cause of action that encompasses two separate claims under Idaho law: breach of contract and insurance bad faith. The Court will first address a few preliminary matters before addressing the merits of the motion to dismiss the breach of contract and insurance bad faith claims.

### A.  Preliminary Matters

Both parties have submitted material extraneous to the complaint. It is

axiomatic that on a Rule 12(b)(6) motion the Court must not only limit its consideration to the facts alleged in the plaintiff's complaint but accept those factual allegations as true. *Cervantes v. Porterville of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). That said, there are a few limited exceptions where a court may look beyond the complaint. USAA invokes one such exception: incorporation by reference.

The doctrine of incorporation by reference permits a court to consider documents incorporated by reference, but not physically attached to the complaint if they are central to the plaintiff's claim and no party questions their authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). USAA argues the Court can properly consider the policy, claim decision, and recission letter as all three are incorporated by reference in Mrs. Williams' third amended complaint. *See Third Am. Compl.* at ¶¶ 5, 7, 8, Dkt. 22. The Court agrees that these documents may properly be considered.

On the other hand, Mrs. Williams submitted a supplemental response to USAA's motion to dismiss, which included USAA's response to three interrogatories. *See* Dkt. 26. USAA has moved to strike this filing. Dkt. 27. The Court will grant the motion. As already described, the Court may not consider any evidence beyond the pleadings when ruling on a 12(b)(6) motion without

**MEMORANDUM DECISION AND ORDER - 5**

converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Mrs. Williams suggests that "for the same reason USAA believes it should be able to submit" the additional material based on incorporation by reference, so too should Mrs. Williams be permitted to submit the discovery responses. Dkt. 28. This argument is plainly unavailing because the interrogatory responses are not part of the pleadings. Accordingly, USAA's motion to strike is granted.

Finally, Mrs. Williams' response to the motion to dismiss contains 58 pages of medical records. The Court will not consider these records. Mrs. Williams has not provided any basis for their consideration, and they clearly constitute evidence beyond the pleadings.

### B. Breach of Contract Claim.

Mrs. Williams alleges USAA breached its contract when it failed to pay her the amount due under the life insurance policy. "Insurance policies are contracts, and the parties' rights and remedies are primarily established within the four corners of the policy." *Lanningham v. Farm Bureau Mut. Ins. Co. of Idaho,* 551 P.3d 1251, 1354-55 (Idaho 2024) (internal quotations and citations omitted). To state a claim for a breach of contract, a plaintiff must show (1) the existence of the contract, (2) the breach of the contract, (3) the breach caused damages, and (4) the

**MEMORANDUM DECISION AND ORDER - 6**

amount of those damages. *Mosell Equities, LLC v. Berryhill & Co.,* 297 P.3d 232, 241 (Idaho 2013).

USAA argues that Mrs. Williams cannot show any breach of contract because it rescinded the life insurance policy within the two-year statutory contestability period. Indeed, in Idaho, an insurer is permitted to rescind coverage within the two-year contestability period based on material misrepresentations or omissions. *See Keiser v. Am. Nat'l Ins. Co.,* No. 2:16-CV-00239-EJL-CWD, 2017 WL 3000025, at *2 (D. Idaho Mar. 30, 2017) (citing Idaho Code §§ 41-1905; 41-1811). Here, USAA issued the life insurance policy for Mr. Williams on February 15, 2022, and it rescinded the life insurance policy in a letter to Mrs. Williams on December 26, 2023. Def. Ex. 2, Dkt. 23-1. The recission fell within the two-year contestability period. *See* Idaho Code § 41-1905.

Mrs. Williams nonetheless alleges that USAA's characterization of a "material misrepresentation," which was the basis for the policy recission, was improper and constitutes a breach of contract. *Third Am. Compl.* at ¶ 15, Dkt. 22. A misrepresentation in an insurance application will not prevent recovery under the policy unless (1) it is fraudulent, (2) material to the acceptance of the risk by the insurer, or (3) the insurer in good faith would not have issued the policy or contract. Idaho Code § 41-1811. Recission due to material misrepresentation is an

**MEMORANDUM DECISION AND ORDER - 7**

affirmative defense. *Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 837 (Idaho 2002) ("State Farm raised the affirmative defense of misrepresentation in its amended answer."); *see also Keiser*, 2017 WL 3000025, at *2.

Importantly, "Rule 8 does not require plaintiffs to plead around affirmative defenses." *U.S. Commodity Futures Trading Comm. v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). "And '[o]rdinarily, affirmative defenses. . . may not be raised on a motion to dismiss.'" *Id* (quoting *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018)). That said, "[a]n affirmative defense may be considered if the defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint. . ." *Ellsworth v. US Bank, N.A.*, 908 F. Supp. 2d 1063, 1083 (N.D. Cal. 2012). Even considering USAA's affirmative defense, it does not require dismissal of Mrs. Williams' complaint at this stage of the litigation. "[T]o rescind the [policy], [USAA] would first need to prove [Mr. Williams] made an incorrect statement on his application. Then the company would have to prove it would not have issued the policy had it known the 'true facts.'" *Weekes v. Ohio Nat. Life Assur. Corp.*, No. 1:10-cv-566-BLW, 2011 WL 6140967, at *8 (D. Idaho Dec. 9, 2011).

USAA contends Mr. Williams' responses to several questions on his application were incorrect. Those inaccuracies include his responses to question 4a

**MEMORANDUM DECISION AND ORDER - 8**

("Has any person to be insured ever concluded with a health care provider for memory loss, Parkinson's Disease, seizure, paralysis, MS, ALS, stroke, TIA, cerebral palsy or other disease of the brain, spinal cord, or nervous system?), question 7b ("Has any person to be insured, within the past five years, been advised to have any diagnostic test, hospitalization, surgery or follow up with a physician or other health care provider for care which has not been completed?), and question 11 ("In the last five years, has any person to be insured consulted with a health care provider on more than one occasion for the same condition, which was not previously disclosed?"). Def. Ex. 3, Dkt. 23-1. Mr. Williams answered no to each of these questions. While these responses may have been rendered inaccurate in light of his hospital visit and follow up visit with his primary care provider, these inaccuracies do not necessarily mean recission is appropriate.

Indeed, USAA must show it would not have issued the policy had the statements been accurate. USAA's letter rescinding the contract states, "[t]he undisclosed information prevented USAA Life from considering and analyzing material information about Mr. Williams' health and medical condition." Def. Ex. 2, Dkt. 23-1. There is nothing on the face of the Third Amended Complaint or in the material incorporated by reference that permits the Court to conclude on a

**MEMORANDUM DECISION AND ORDER - 9**

motion to dismiss that the misrepresentations were material. Indeed, "[w]hile materiality is generally a question of fact," courts in other jurisdictions have generally found "an insurer may establish materiality as a matter of law by present[ing] documentation concerning its underwriting practices." *Barese v. Erie & Niagara Ins. Assn.*, 224 A.D. 3d 1174, 1176 (N.Y. App. 2024) (internal quotation marks omitted); *see also Mann v. N.Y. Life Ins. & Annuity Corp.*, 222 F. Supp. 2d 1151, 1155 (D. Ariz. 2002). Absent similarly conclusive facts in the Third Amended Complaint or incorporated by reference, the Court cannot conclude the misrepresentations, as a matter of law, were material. Accordingly, USAA's motion to dismiss the breach of contract claim is denied.

  **C.**   **Insurance Bad Faith Claim.**

  To demonstrate bad faith under Idaho law, a plaintiff must show: "1) the insurer intentionally and unreasonably denied or withheld payment; 2) the claim was not fairly debatable; 3) the denial or failure to pay was not the result of a good faith mistake; and 4) the resulting harm is not fully compensable by contract damages." *Robinson,* 45 P.3d at 832. An insurer does not act in bad faith by challenging the validity of a "fairly debatable" claim, or when delay results from honest mistakes. *White v. Unigard Mut. Ins. Co.,* 730 P.2d 1014, 1018 (Idaho 1986).

**MEMORANDUM DECISION AND ORDER - 10**

Mrs. Williams has not adequately alleged an insurance bad faith claim. Her Third Amended Complaint alleges only that "USAA's refusal to pay the insurance policy proceeds for this life insurance contract amount to insurance bad faith." *Third Am. Compl.* at ¶ 18, Dkt. 22. This conclusory allegation insufficient under *Iqbal* to survive a motion to dismiss. Mrs. Williams failed to allege any facts that demonstrate her claim was unreasonably denied. *Bauer v. Metro. Life Ins. Co.,* No. 2:08-CV-00284-LMB, 2010 WL 2595291, at *8 (D. Idaho June 23, 2010). Indeed, "[t]he denial of an insurance claim and a claimant's disagreement with the decision does not automatically equate to bad faith." *Id.* Accordingly, the Court will dismiss Mrs. Williams's bad faith claim.

D.    **Leave to Amend**

When a court grants a motion to dismiss, it must also grant leave to amend "unless it determines that the pleading could not possible be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court previously granted Mrs. Williams the opportunity to amend her bad faith insurance claim. Dkt. 21. Despite being "put on notice once before of the same defects that led to the dismissal," her bad faith insurance claim still falls short of Rule 8's pleading standard. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Moreover, Mrs. Williams has not suggested that other facts exist, or even

**MEMORANDUM DECISION AND ORDER - 11**

may exist, that relate to her bad faith insurance claim that warrant granting leave to amend. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Accordingly, under these circumstances the Court will dismiss the bad faith insurance claim without leave to amend.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 23) is **GRANTED IN PART** as to Plaintiff's bad faith insurance claim and is **DENIED IN PART** as to Plaintiff's breach of contract claim.

2. Defendant's Motion to Strike (Dkt. 27) is **GRANTED.**



DATED: April 1, 2025

B. Lynn Winmill
U.S. District Court Judge