UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHONDA G. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>USAA LIFE INSURANCE<br>COMPANY,<br><br>        Defendant. | Case No. 1:24-cv-00301-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Rhonda Williams' motion to extend the deadline to complete fact discovery (Dkt. 40). The existing, now expired, deadline was May 15, 2025 and Ms. Williams proposes that the deadline be extended until July 31, 2025. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

Ms. Williams alleges USAA Life Insurance Company breached its contract with her by denying her claim for life insurance benefits following the death of her husband. Dkt. 22. Although initially filed in state court, USAA removed the case to federal court and filed a motion to dismiss in June 2024. *See* Dkts. 1, 8. Soon after,

in July, Ms. Williams filed an amended complaint, resulting in a second motion to dismiss. Dks. 12, 13. In September 2024, the Court entered a scheduling order setting forth the deadlines to govern this including, as relevant here, for close of discovery on May 15, 2025. Dkt. 20. A few days later, the Court granted the second motion to dismiss with leave to amend. Dkt. 21. At the end of October, Ms. Williams filed her third amended complaint and USAA, again, moved to dismiss. Dkts. 22, 23. In April 2025, the Court granted in part and denied in part the motion to dismiss. Dkt. 32.

The parties have agreed to extend the deadlines in this case several times, both before and after the Court resolved the most recent motion to dismiss. First, in February 2025, the parties stipulated to an extension of the mediation deadline. Dkt. 31. They again agreed to an extension of the mediation deadline in April 2025. Dkt. 35. Ms. Williams then filed an unopposed motion to extend expert disclosure and expert discovery deadlines, which the Court granted. Dkts. 38, 39. Taking into account these extensions the current case deadlines are as follows:

| Event | Deadline |
|---|---|
| Close of Fact Discovery | May 15, 2025 |
| Complete Mediation | June 27, 2025 |
| Dispositive Motion Deadline | June 27, 2025 |

MEMORANDUM DECISION AND ORDER - 2

| Plaintiff's Expert Disclosure | August 1, 2025 |
|---|---|
| Defendant's Expert Disclosure | September 1, 2025 |
| Plaintiff's Rebuttal Expert Disclosure | September 15, 2025 |
| Completion of Expert Discovery | October 1, 2025 |

Ms. Williams now moves to extend the deadline for the close of fact discovery until July 31, 2025 and USAA opposes the request.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(5), the Court may only amend the scheduling order if good cause exists to do so. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard focuses primarily on the "diligence of the party seeking amendment" but "a court may also consider the existence or degree of prejudice to the opposing party." *Id.* at 608. To demonstrate diligence, the moving party must show it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DirectTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, at *1 (D. Idaho 2005). If the moving party "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 610.

## ANALYSIS

Ms. Williams has a less than compelling showing of good cause to justify the extension of the discovery deadline. The gravamen of her argument is that the

**MEMORANDUM DECISION AND ORDER - 3**

discovery period should be extended because the parties did not participate in normal discovery while the three motions to dismiss were pending. The evidence available to the Court, however, contradicts this claim. Ms. Williams served her first discovery requests on September 10, 2024, before the Court resolved the first two motions to dismiss. *See* Dkt. 26-1. USAA responded to that request in December 2024, 30 days after Ms. Williams filed her third amended complaint, but after it already filed a third motion to dismiss. *Id.* It seems that, at a minimum, some discovery occurred while these motions were pending.[1]

On the other hand, it is true that the legal landscape of the case continually shifted over the course of discovery. Three separate motions to dismiss were considered and with varying results as to each. At the end of the day, the Court permitted some, but not all, of Ms. Williams' claims to go forward. While, Ms. Williams has not shown she was completely unable to meet the May 15, 2025, deadline for the close of discovery, it is clear that the scope of the claims changed over time and this necessarily made it difficult to sort out what discovery was necessary. With only six weeks between the Court's resolution of the third motion

---

[1] From Ms. Williams' reply brief, it appears there may have been other discussions between counsel about discovery. Neither party submitted any evidence of those communications, and the Court cannot rely on vague suggestions in briefing to find diligence.

**MEMORANDUM DECISION AND ORDER - 4**

to dismiss and the close of discovery, Ms. Williams clearly faced a challenge to complete here discovery.

At the end of the day, this is a very close case. But for the flurry of motions and orders which narrowed the case throughout the time when discovery would ordinarily have been completed, the Court would have no reluctance to deny the Plaintiff's motion. But given these unique circumstances, and the limited extension of 45 days that has been requested, the Court will grant Plaintiff's motion.

**ORDER**

**IT IS ORDERED that:**

1.  Plaintiff's Motion to Extend Discovery (Dkt. 40) is **GRANTED**.

2.  The deadline to complete fact discovery set forth in the Court's scheduling order (Dkt. 20) is extended until **July 31, 2025**.



DATED: June 4, 2025

_____
B. Lynn Winmill
U.S. District Court Judge